IN THE CHANCERY COURT OF PEARL RIVER COUNTY

STATE OF MISSISSIPPI

EMMA J. SMITH                                                                          PLAINTIFF

VERSUS                                          CIVIL ACTION NO.: 06-0550GN-4-TL

PRIMERICA LIFE INSURANCE
COMPANY                                                                                DEFENDANT

### COMBINED COMPLAINT FOR EQUITABLE AND OTHER RELIEF

COMES NOW the Plaintiff, Emma J. Smith, and files this Combined Complaint for Equitable and Other Relief in the above-styled and numbered cause against the Defendant, Primerica Life Insurance Company, and in support thereof would show unto this Court as follows, to-wit:

### FACTUAL, LEGAL AND JURISDICTIONAL ALLEGATIONS

1.

This Court has subject matter jurisdiction over the claim(s) for relief contained in this Combined Complaint. The only jurisdiction being sought and/or asserted in this Combined Complaint is *in rem* and/or *quasi in rem* jurisdiction. Therefore, your Plaintiff would show unto this Court that It has exclusive original jurisdiction over this matter.

2.

That Plaintiff, Emma J. Smith, is an adult resident citizen of Pearl River County, Mississippi.

**EXHIBIT O**

*FILED*

OCT 31 2006

DAVID EARL JOHNSON CHANCERY CLERK
By _____ D.C.

Page 1 of 8

3.

The Defendant, Primerica Life Insurance Company, is non-resident insurance company subject to the regulatory authority of the Mississippi Department of Insurance. Defendant has been allowed and/or authorized to conduct business in the State of Mississippi by the Mississippi Department of Insurance. Defendant has authorized agents throughout the State of Mississippi, who act on behalf of the Defendant, soliciting and selling insurance policies. These agents are also doing business in Pearl River County, Mississippi. Therefore, the Defendant, has subjected itself to the jurisdiction of this Court and may be served upon its registered agent for service of process, C.T. Corporation Systems of Mississippi, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232. Also, venue is properly before this Court.

4.

Defendant, from its business operations located in Mississippi, derives income and profits, in part, by way of charging premiums on policies of insurance. Some of these policies of insurance issued by the Defendant are life insurance.

5.

With regards to the Plaintiff, the Defendant issued Life Insurance Policy Number 0431595869, together with various riders attached thereto for a time period apparently beginning in September, 1997, through January, 2006. The owner and primary beneficiary under this Policy 0431595869 is the Plaintiff. The primary insured under the subject Policy is the Plaintiff's late husband, Ernest R. Smith, Jr. The Policy has been issued to the Plaintiff and her late husband while they have resided in Mississippi, Louisiana, and Texas.

6.

The Policy has on the face thereof, coverage on the Plaintiff's late husband in the total amount of $800,000.00. Additionally, upon information and belief, Plaintiff asserts that said Policy may pay double indemnity in the event of accidental death of the primary insured. A full and complete copy of the Policy is attached hereto and incorporated herein as Exhibit "1".

7.

The Plaintiff would show that her husband, Ernest Jr. Smith, Jr., departed this life on April 12, 2006. Mr. Smith died as a result of two (2) gunshot wounds to the chest as a result of apparent robbery attempt. At the time of Mr. Smith's death, he and Plaintiff were living in New Orleans, Louisiana.

8.

That pursuant to the terms and provisions of the Policy the Plaintiff filed the appropriate documents with the Defendant in order to secure the prompt payment of the death benefits to the Plaintiff as a result of the death of Mr. Smith. That Plaintiff has submitted the Claimant's Statement, a Certified Death Certificate, has executed a HIPPA Compliant Authorization for Release of Documents, has executed an Affidavit of Next of Kin and Tobacco Statement. That copies of these documents are attached hereto and incorporated herein as composite Exhibit "2".

9.

That in accordance with the obligations imposed upon the Defendant, a claim number of 2006107054 was assigned to the Plaintiff's claim and an investigation was undertaken by the Defendant. Beginning, April 24, 2006, Defendant conducted an

investigation into the underlying facts relative to the death of Mr. Smith. The basis of this investigation was based upon the fact the death of Mr. Smith occurred within the two (2) year incontestability provision contained within the subject Policy language. However, all portions of coverage under the Policy were not issued at the same time, rendering some outside the incontestabilty period and some within said period. These coverages and their respective dates as reported by the Defendant are as follows, to-wit:

1. April 25, 2001 - $100,000.00
2. July 25, 2003 - $200,000.00
3. February 25, 2005 - $150,000.00
4. January 25, 2006 - $350,000.00

A copy of the latest Policy Fact Sheet issued by the Defendant unto the Plaintiff is attached hereto as Exhibit "3", which reflects the portions of coverage and the respective dates of issuance.

10.

That to date the Defendant has acknowledged that It has received from the Plaintiff all documents required of said Plaintiff. However, in correspondence to the Plaintiff, Defendant has indicated the claim would, "...remain pending until the homicide investigation is complete." That in all correspondence from the Defendant to Plaintiff, not once has the Plaintiff been named as a suspect in the killing of her late husband and neither has the Defendant informed Plaintiff of any reason why the benefits due under the Policy should not be immediately paid unto the Plaintiff except for the vague reason of waiting for the results of a homicide investigation which appears

to have no end in sight due to the fact the person who shot Mr. Smith has not been caught and/or identified.

11.

That Plaintiff would show unto the Court the Defendant is holding and/or is in possession of the proceeds the Defendant should have paid unto the Plaintiff as the owner and/or beneficiary under the Policy. These proceeds are the property of the Plaintiff, together with any interest accruing thereon at the legal rate allowed by law. That upon information and belief, Plaintiff asserts that double indemnity may apply since the killing of Mr. Smith is considered an accident under the laws of the State of Mississippi. Further, the Defendant has no valid reason to contest and/or not to pay the proceeds, together with interest unto the Plaintiff.

## COUNT ONE - EQUITABLE ACCOUNTING

12.

Incorporated herein by reference are Paragraphs 1. through 11. as set out above in Plaintiff's Complaint.

13.

That your Plaintiff would show unto the Court the Defendant is wrongfully in possession of the proceeds due and owing under the Policy which should be paid over to the Plaintiff forthwith.

14.

That Plaintiff would show the Defendant should be made to account for the proceeds due under the Policy, together with any other amounts, and the Defendant should be directed pay same over and unto the Plaintiff.

## COUNT TWO - MARSHALING OF PROCEEDS

15.

Incorporated herein by reference are Paragraphs 1. through 15. as set forth above.

16.

Plaintiff would further show that she is entitled to have this Court direct the Defendant to marshal any and all proceeds due and owing under the Policy together with any other amounts due and owing thereunder and pay same over and unto the Plaintiff.

## COUNT THREE - EQUITABLE SEQUESTRATION

17.

Incorporated herein by reference are Paragraphs 1. through 16. as set forth above.

18.

Plaintiff would show unto this Court the Defendant is indebted to Plaintiff and is otherwise is in possession of certain proceeds, together with other amounts which, pursuant to the terms of the Policy. That according to the terms of the Policy, Defendant should have already paid these proceeds unto the Plaintiff, but, Defendant has wholly failed to pay said amounts.

19.

Plaintiff would request this Court to impound and/or equitably sequester the insurance proceeds, together with any other amounts due and owing under the Policy

and further, place the possession of said amounts in and to the possession of the Plaintiff in accordance with the terms of said Policy.

### COUNT FOUR - IMPOSITION OF EQUITABLE LIEN

20.

Incorporated herein by reference are Paragraphs 1. through 19. as set forth above.

21.

The Plaintiff would also assert that due to the fact the Defendant is withholding the payment of the proceeds, togther with all other amounts due and owing under the terms of the Policy, the Defendant is currently being unjustly enriched at the expense of the Plaintiff. The Plaintiff would request the Court impose in favor of the Plaintiff an equitable lien against the assets of the Defendant located in the State of Mississippi in an amount equal to any and all amounts due and owing under the Policy.

WHEREFORE, THE PREMISES CONSIDERED, your Plaintiff, Emma J. Smith, prays this Complaint be received and filed and that upon a full hearing/trial the Court would grant the following relief, to-wit:

1. Direct the Defendant to account for any and all sums/amounts due and owing under the Policy and further, direct the Defendant to pay said amounts unto the Plaintiff.

2. Direct the Defendant to marshal any and all sums/amounts due and owing under the Policy and further, direct the Defendant to pay said amounts unto the Plaintiff.

3. Impound and/or sequester any and all sums/amounts due and owing under the Policy and further, direct the Defendant to pay said amounts unto the Plaintiff.

4. Impose in favor of the Plaintiff an equitable lien against the assets of the Defendant located in the State of Mississippi in an amount equal to any and all amounts due and owing under the Policy.

5. Grant such general, other and special relief unto the Plaintiff in accordance with the law, equity and/or good conscience.

Respectfully submitted

*Emma J. Smith*

Emma J. Smith, Plaintiff

NATHAN S. FARMER
ATTORNEY FOR PLAINTIFFS
BAR NO. 09353
NATHAN S. FARMER, P.A.
P.O. BOX 1608
TELEPHONE: (601) 749-8745
FACSIMILE: (601) 749-7045